McKinney, J.,
delivered the opinion of the Court.
This was a hill to enforce a mechanic’s lien. It seems that, by contract with the defendant, William Carpenter, the complainants furnished materials and erected a dwelling house for the former, on a lot in the town of Shelbyville; for which, as they allege, there remains due to them about the sum of $525, which they seek to enforce the payment of by a sale of the property.
The hill alleges, that at the time of the contract with the complainants for the building of said house, the lot was claimed by said Carpenter and wife. The proof, however, establishes that sometime before the contract, one William Brown, for a valuable consideration, made an absolute conveyance in fee of said lot to the defendant, “Abigail Carpenter and the heirs of William Carpenter, herjhusband, and their heirs and assigns forever.” This conveyance hears date the 20th of September, 1856, and it appears to have been duly acknowledged and registered on the same day; and its validity is not questioned. It does not appear that Mrs. Carpenter had any participation whatever in the contract; nor is there any imputation of fraud or had faith, so far as she is concerned.
The Chancellor, upon the foregoing facts, decreed that the complainants had a lien on the house and lot, and directed a sale. This decree is clearly erroneous.
It is unimportant, as respects the determination of this case, whether the conveyance from Brown shall he held to vest the title in Mrs. Carpenter alone, ,or in her and the children of the marriage with William Carpenter, jointly ; and we intimate no opinion upon the question. In either view, no lien can exist in complainants’ favor. The husband had no title; and of this fact there is ground to infer that the complainants had actual knowledge at the time of the contract. But whether so or not, they had constructive notice, from the reg *544 istration of the conveayance from Brown, and that is sufficient —if the fact of notice were material.
If the complainants thought proper to trust alone to the lien given by statute for the security of their debt, it was incumbent on them, at their peril, to inquire into the title. The husband cannot himself charge the real estate of the wife, for money expended by him in making improvements thereon. Marable v. Jordan, 5 Hum., 417. Neither can a mechanic who expends his money and labor on the wife’s property, at the instance of the husband alone.
Nothing short of a conveyance by the wife jointly with her husband, in the mode prescribed by the statute, would divest the wife of her title to the lot in question. She has no power to charge it, by the terms of the conveyance to her from Brown.
Since the act of 1849-50, ch. 36, the' husband’s interest, by the common law, in the real estate of the wife, cannot be subjected in any mode whatever, during her life, by the creditors of the husband ; nor can the husband, during the wife’s life., make any disposition of it without her joining therein.
The decree will be reversed, and the bill dismissed.